In re account of NEW JERSEY TITLE GUARANTEE AND TRUST
COMPANY.

[Argued July 2d, 1909. Decided November 15th, 1909.]

1. Under Orphans Court act (*P. L. 1898 p. 762 § 130*), authorizing
the allowance to a trustee of such commission upon the income as the
court deems just, provided that such allowance shall not exceed five per
cent., the commission allowed may be less than five per cent., and ordi-
narily where the annual income is large the circumstances must be
unusual in order to justify the allowance of that rate, though it may
be properly allowed where the income is small.

2. Where a trustee has only administered an estate for seven years,
during which time his only services had been to receive and disburse
the income of investments already made, and the trust will probably
continue for thirty or forty years longer, a commission will not be allowed
the trustee on the *corpus* of the estate upon an accounting.

On the appeal of Addie Estelle Acer from a decree of the
prerogative court.

*Mr. William A. Smith (Messrs. Coult & Smith* on the brief),
for the appellant.

*Mr. Gilbert Collins (Messrs. Collins & Corbin* on the brief),
for the respondent.

The opinion of the court was delivered by

SWAYZE, J.

So far as concerns the commissions allowed the trustee upon
the income of the estate, which were at the rate of five per
cent., we think the circumstances of this case are sufficient
to warrant the allowance of that amount, particularly in view
of the fact that Mrs. Acer and her husband, who was a lawyer,
both permitted the deduction of commissions at that rate with-
out objection, and that a very large proportion of the estate
was invested in the stock of a manufacturing corporation sub-
ject to the hazards of business and necessarily involving some
risk to the trustee. In approving this allowance, however, we

are not to be understood as approving the custom, if it be a custom, as suggested, of allowing a trustee five per cent. on the income in all cases. It is quite evident that a different test of the propriety of the allowance is prescribed by section 130 of the Orphans Court act. *P. L. 1898 p. 762.* The act authorizes the allowance of such commission upon the interest or income as the court shall deem fair and just, considering the actual pains, trouble and risk of the accountant. It then provides that the allowance shall not exceed five per cent.—a sufficiently plain intimation that it may well be less. No doubt in the case of estates where the income is small, five per cent. may be properly allowed in order to give the trustee compensation sufficient to induce proper men to assume the responsibility, but in a case like this, where the annual income is large, it must require unusual circumstances to justify the allowance of the full rate of commission, and we are not to be understood as holding that, even in this case, so large an allowance would be proper in the future.

As to the allowance of a commission upon the *corpus* of the estate, we think that the trustee has administered the trust for so short a time, and has had so little to do with making or changing investments, that no commission on the *corpus* ought to have been allowed. The *cestui que trust* is of such an age that it may fairly be expected that the trust will continue for thirty or forty years longer, and if the present commission were allowed to a trustee who has served some seven years only, and has practically done nothing but receive and disburse the income of investments already made, it might result in leaving too small a fund available for the payment of future commissions.

We think the decree should be reversed and the record remitted, in order that a decree may be entered disallowing the commission on the *corpus*.

*For affirmance*—VOORHEES, VROOM—2.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, MINTURN, BOGERT, VREDENBURGH, GRAY, CONGDON—12.