OF

# THE STATE OF NEW JERSEY.

## MAY TERM, 1911.

MAHLON PITNEY, ORDINARY.

EDWIN ROBERT WALKER, VICE-ORDINARY.

ADELAIDE LYON, appellant,

*v.*

ADALINE E. BIRD, executrix and trustee of Theodore S. Bird, deceased, respondent.

[Decided June 23d, 1911.]

1. Though executors who are also trustees under a will are entitled to commissions on the *corpus* of the estate in each capacity, yet, where they settled their accounts as executors in eleven months after their assumption of the administration of the estate, amounting to $81,629.48,

157

and of this amount $72,417.62 was the amount of the inventory and appraisement, of which they became possessed on proving the will and qualifying as executors and trustees, and the difference, $9,211.86. came from the payment of installments on lands of the testator contracted to be sold, they having collected income amounting to $6,955.60, and showed disbursements of all of that sum, except $285.66, among which disbursements were about $2,500 of income, divided between the life tenants, and $347.78 as commissions, being five per cent. on the income, it was improper to allow as executors' commissions five per cent. on the principal; a proper allowance being one per cent. on the amount of the inventory, and two per cent. or two and a half per cent. on the principal by which the inventory was augmented.

2. Where executors, who were also trustees, settled their accounts in eleven months and were allowed five per cent. commissions on the principal of the estate, which was excessive, a further allowance to the surviving trustee of another five per cent. on $15,798.39 of principal, which was not in the inventory or account of the executors, was improper.

3. An allowance of commissions on the principal or income of a trust estate must be made directly by the orphans court to the trustee, and out of this the trustee is bound to compensate agents, attorneys, or others who have performed her duties; the court being unauthorized to make an allowance direct to such agents, attorneys, &c., for performing duties devolving on the trustee.

On appeal from a decree of the orphans court of the county of Hunterdon allowing and disallowing certain exceptions to executrix's account.

*Mr. Richard S. Kuhl* and *Mr. A. Wheeler Palmer* (of the New York bar), for the appellant.

*Mr. Abraham C. Hulsizer,* for the respondent.

WALKER, VICE-ORDINARY.

On May 16th, 1910, Mrs. Adaline E. Bird, surviving trustee of Theodore S. Bird, deceased, filed a principal and income account extending from June, 1906, to April, 1910. To this account Adelaide Lyon, one of the beneficiaries of the estate, filed eighteen exceptions, which were dealt with by the Hunterdon county orphans court, and exceptions 1, 2, 3, 4, 5, 6, 7, 9, 10, 12, 13 and 15 were dismissed; 16, 17 and 18 were stricken out as repetitional of 8, 9 and 10; 8 was sustained in part and dismissed in part; 11 was sustained to the extent of allowing five

per cent. commissions to M. E. Dilts for collecting rents and five per cent. commissions to A. C. Hulsizer for collecting interest on mortgages, both as being commissions allowed by law to the trustee for collecting and disbursing the income of the estate, and was further sustained as to items improperly charged to the estate, being for services and expenses of Mr. Hulsizer, amounting to $458.60.

The respondent, Mrs. Bird, trustee, in her answer asks that this finding against her be reversed. Counsel for the appellant claims that the answer does not formally present that issue, and that the question of disallowing the $458.60 item is not properly presented and cannot be adjudicated. Assuming that it is in shape for consideration, I will dispose of it by holding that the orphans court was right in allowing the exception to that extent and in disallowing the executrix a credit for the sum mentioned, and that part of the decree will be affirmed.

Only exceptions 11 and 12 are involved in this appeal. Originally, there were three executors, one being Mrs. Bird. The other two died, one May 8th, 1907, the other August 31st, 1907. The surviving trustee, Mrs. Bird, has done practically nothing with reference to the administration of the estate, almost everything having been done for her.

On May 15th, 1906, the three executors named in the will filed their account showing the *corpus* of the estate which had come to their hands to be $81,629.48. On this amount the orphans court allowed them a commission of five per cent., amounting to $4,275, thus reducing the principal to $69,691.93. Under the will of the testator certain specific legacies were bequeathed to the widow and to the relatives of the deceased of the value of $131.01, and also pecuniary legacies amounting to $5,000; and all the remainder of the estate (real and personal) was devised and bequeathed to the executors, in trust, to collect the interest on securities and the rents from real estate, and to divide the net annual income into two parts, one to go to the testator's widow and the other to his daughter during their joint lives, and on the death of each to divide the one-half among the children of the deceased life tenant, but not until the youngest child should attain the age of thirty years. The trust will

undoubtedly last for many years to come, and if Mrs. Bird, the surviving trustee, should die in the lifetime of the daughter, a trustee, one or more, in succession to her, will have to be appointed and paid commissions on the principal of the estate, and so, too, if, at the mother's death after the daughter's decease, any of the remaindermen should be under thirty years of age.

The executors settled their account in eleven months after their assumption of the administration of the estate. Of the $81,629.48, upon which the allowance was made, $72,417.62 was the amount of the inventory and appraisement, of which they became possessed upon proving the will and qualifying as executors and trustees, and the difference, $9,211.86, came from the payment of installments on lands of the testator contracted to be sold.

True it is that those occupying the dual capacity of executors and trustees under a will are entitled to commissions on the *corpus* of the estate in each capacity (*Pitney* v. *Everson, 42 N. J. Eq. (15 Stew.) 361*), yet, as sections 128, 129 of the Orphans Court act (*P. L. 1898 p. 762*) provide that the allowance of commissions to executors, administrators, guardians or trustees shall be made with reference to their actual pains, trouble and risk in settling an estate, rather than in respect to the *quantum* of the estate, and that such commissions on any estate where the receipts exceed the sum of $50,000 shall be determined by the orphans court on the final settlement of their accounts, according to the actual services rendered, not to exceed five per centum on all sums which come into their hands, it seems to me that the allowance of the full five per cent. commissions to these executors by the Hunterdon county orphans court was excessive and unwarranted. The account was the final account of the executors, and, at that time, it was proper for the orphans court to make them an allowance of commissions on the principal, but, something like one per cent. on the amount of the inventory, and, possibly, two or two and one-half per cent. on the principal which augmented the amount of the inventory, would have been a fairly reasonable allowance in view of the fact that the executors closed their account within a year and then transferred the securities to themselves as trustees; in fact they got

them as trustees under the will, but were obliged to convert enough as executors to satisfy the legacies, which were practically inconsiderable.

If trustees administer an estate for a quarter of a century, investing and reinvesting, perhaps over and over again, the securities of the estate, and, in the end, are entitled to no more than five per cent., upon what theory can the maximum allowance to these executors, whose duties with reference to the *corpus* of the estate were more or less perfunctory, be possibly justified?

This court held (*In re Hibbler's Estate, 78 N. J. Eq. (8 Buch.) 217*) that where one was named executor and trustee and his duties as executor were inconsiderable compared with his duties as trustee, in determining his compensation, the principal fund should be deemed as having passed to him at once as trustee, and an allowance on the *corpus* should be held to have been an allowance to him as trustee, though the accounts were filed as executor. In that case the trustee had filed several accounts as "executor," and had been allowed three per cent. commissions on the *corpus* of a very large estate, besides five per cent. on the income. After managing the estate for twenty-two years he resigned and asked to be relieved from the trust and applied for an allowance of two per cent. on the *corpus* as trustee. As the trust had probably eleven years to run as to one portion and sixteen years as to another, the applicant was denied further commissions on the *corpus,* so that the court would be in a position thereafter to allow commissions to the new trustee on the *corpus* of the estate not exceeding two per cent., making in the end five per cent., if so much should be earned.

The executors in their account in this case charged themselves with income collected $6,955.60, and showed disbursements of all that sum except $285.66; among which disbursements were about $3,500 of income divided between the life tenants (which in reality was executing their office of trustees) and $347.78 of commissions, being five per cent. commissions on the income. This was in April, 1906, and here ended the executors' duties as such, and the *corpus* of the estate passed to them as trustees, and that, too, by devise and bequest in that behalf in the will

11

contained, as already stated. This case is just like that *In re Hibbler's Estate, supra*. The duties of the executors were inconsiderable, and the principal fund, at least that remaining at the foot of their account, namely, $69,691.93, should be deemed as having passed to them as trustees in the first instance, and the allowance on the *corpus* in excess of the amounts above suggested, namely, one per cent. on $72,417.62, and two and one-half per cent. on $9,211.86, should be held to be an allowance to them as trustees, though the account was filed as executors.

*In re account of New Jersey Title Guarantee and Trust Co., 32 N. J. L. J. 137,* the Morris county orphans court dealt with the allowance of commissions upon an estate which had been administered by a trustee for little over six and a half years. On the income five per cent. was allowed, although the estate was a large one. As to commissions on the principal of the trust fund the court allowed one per cent., considering the character of the services and risk incurred by the trustees up to the time of the accounting, and remarked (at *p. 141*) (quoting from *Conover v. Ellis, 49 N. J. Eq. (4 Dick.) 549*) that "where the final distribution of an estate by an executor is, by will, deferred for a considerable time after the settlement of his account, he will not, in the allowance of commissions upon that accounting, be paid for that distribution, or be paid commissions at the highest rate permitted by the statute. The court will reserve a portion of that which it may allow for his final compensation when he shall have completely performed his duty." This decision of the Morris county orphans court was sustained by the ordinary in this court on December 20th, 1908, without any opinion being filed. An appeal was taken, and the court of errors and appeals held that, under the circumstances, the award of five per cent. commissions upon the income should be sustained, although it declared it was not to be understood as holding that even in that case so large an allowance would be proper in the future. And on the question of the allowance of the commissions on the *corpus* the court thought that as the trustee had administered the trust for so short a time (it was six and a half years), and had so little to do with making or changing investments, that no commissions on the *corpus* ought to have been allowed, and

the decree was reversed, and the record remitted that a decree might be entered, disallowing the commissions on the *corpus.* *In re New Jersey Title Guarantee and Trust Co., 76 N. J. Eq. (6 Buch.) 293.*

As the court of errors and appeals decided *In re New Jersey Title Guarantee and Trust Co., supra,* that no allowance of commissions on the *corpus* should then be made—not even one per cent. to a trustee who had managed an estate for six and a half years, when the trust had still a long time to run, and the trustee had had little to do with making or changing investments—how can there be any justification for the payment of five per cent. commissions to the trustees in this case, although in their capacity as "executors," when only eleven months after they assumed their duties they simply charged themselves as trustees with the securities which had come to their hands? However, there is no exception here involving the allowance of five per cent. on principal made to the executors in 1906, but that allowance is animadverted upon for the reason that in the twelfth exception, which is involved in this appeal, objection is made to the allowance of another five per cent. to the surviving trustee, Mrs. Bird, upon $15,798.39 of principal collected, which was not in the inventory or account of the executors, the allowance amounting to $789.91. The exception to this item will be sustained and the credit of these commissions to the trustee will be disallowed *in toto.* She has already received one-third of $4,275, being the amount of commissions allowed the executors on the settlement of their account. This makes an allowance of $1,425, or one sixty-six hundredths and two-thirds per cent., to her, and she has done practically nothing with reference to the estate, everything being attended to for her by her attorney and agent. She will be required to manage this estate for many years to come before she may be considered as having earned any further commission on the *corpus.* This disposes of the twelfth exception.

As to the eleventh exception, the five per cent. commissions allowed to Mrs. Dilts for collecting rents, she being the widow of one of the deceased trustees, and the similar allowance to Mr. Hulsizer, attorney for the estate, for collecting interest on mort-

gages, will be sustained—that is, the decree of the orphans court allowing those charges in lieu of an allowance of five per cent. to the trustee for collecting and disbursing so much of the income of the estate will be sustained. The disallowance of the $458.60 paid to Mr. Hulsizer has already been sustained.

The rule regulating the allowance of commissions, I take it, is, that such allowance on the principal or income of an estate, must be made directly by the orphans court to the executor or trustee, who, out of such allowance, must compensate agents, whether attorneys or others, for performing the representative's duties. In addition, there is to be allowed any expenses actually, that is to say, legitimately, incurred in the management of the estate and in making collections; and, obviously, such expenses are those only which are necessarily incurred, and a claim for their allowance should be scrutinized by the court. The allowance of commissions on principal and on the collection and disbursement of income must be made with reference to the actual pains, trouble and risk of those administering the estate; and commissions on the principal where the estate, as in this case, exceeds $50,000, must be determined with reference to the actual services rendered, and the maximum rate should be allowed only when clearly earned—never for the mere asking.