BERGEN COUNTY ORPHANS COURT.

### IN THE MATTER OF THE ESTATE OF GEORGE FOSTER, DECEASED

Decided December 21, 1934.

For the accountant, *Wurts & Plympton.*

For the estate of E. Howard Foster, *Clyde Christie.*

LEYDEN, C. P. J.    George Foster died on the 9th day of May, 1928, leaving a last will and testament wherein he nominated the Hackensack Trust Company to be executor of his estate. The trust company accepted the appointment, qualified and undertook the administration of the trust. The executor, realizing the services of counsel were necessary in the administration of the estate, appointed Mr. E. Howard Foster as its proctor.

In due course, the Hackensack Trust Company filed its intermediate account for settlement in the Orphans Court of the county of Bergen. It prayed allowance in the sum of $3,517.07 as compensation for its pains, trouble and risk and in the sum of $3,000 for its legal expenses. The account, together with the commissions and counsel fees, was allowed and approved by a decree of this court. The commissions and counsel fee were not paid, however, for the reason that the cash on hand was insufficient. Practically the entire estate consisted of a $58,500 second purchase-money mortgage on a parcel of New York realty. This mortgage was subse-

quently wiped out by the foreclosure of the first mortgage lien.

Mr. Foster, the proctor, died on September 28th, 1931. The present counsel, Messrs. Wurts & Plympton, succeeded him and have performed legal services for the executor.

The trust company now exhibits its final account showing $327.38 *corpus* and $709.92 income in hand and practically nothing else. It prays that its account be allowed and that commissions amounting to $769.43 be awarded to it. Messrs. Wurts & Plympton ask that they be allowed a $1,200 counsel fee for their services to the executor. The representatives of the estate of the first proctor, Mr. Foster, claim the moneys remaining in the hands of the executor or a *pro rata* share thereof in partial satisfaction of the award of $3,000 to Mr. Foster on the intermediate accounting. The present proctors insist they should be paid first and that there should be no pro rating of the fund, or, in the alternative, the entire fund should be awarded to the executor on account of its commissions.

I am of the opinion that the fund should be paid to the executor on account of its past and presently due commissions, as compensation for its pains, trouble and risk in the administration of the estate.

At common law a personal representative of a decedent was not compensated for the services rendered in the performance of the trust. His office was regarded as honorary. He was allowed merely his just charges and expenses. *State Bank of Elizabeth* v. *Marsh and Edgar,* 1 *N. J. Eq.* 288. This rule has been changed by statute and now the allowance of commissions to executors, administrators, guardians or trustees is made with reference to their actual pains, trouble and risk in settling the estate. Their compensation must be reasonable and within the limits set forth in the statute. Sections 128 and 129 of the Orphans Court act. 3 *Comp. Stat., pp.* 3859, 3860.

A personal representative's necessary, legitimate expenses in the management of the estate may be allowed but a claim for their allowance should be scrutinized by the court. *Lyon*

v. *Bird,* 79 *N. J. Eq.* 157; 80 *Atl. Rep.* 450. He may employ agents for extraordinary services of administration and for such as in their nature require a degree of skill not within the command of ordinary persons. Reasonable expenses so incurred for the benefit of the estate may be proper charges against it. 11 *R. C. L.* 233, ¶ 260. Where agents have been employed, the test on the question of compensating the agent out of the estate is: was it necessary or was it to the interest of the estate? If it were · necessary, the expenses thus incurred are allowed; if not, they will be disallowed. The burden of proof is on the accountant. *In re Hill's Estate,* 79 *N. J. Eq.* 521; 82 *Atl. Rep.* 338.

Accordingly, an executor with power of sale is justified in employing agents to procure purchasers of the real estate because of their special skill and practice in such matters and commissions paid to such agents may be allowed. *Dey* v. *Codman,* 39 *N. J. Eq.* 258; *Brown* v. *Brown,* 72 *Id.* 667; 65 *Atl. Rep.* 739; *Babbitt* v. *Fidelity Trust Co.,* 72 *N. J. Eq.* 745; 66 *Atl. Rep.* 1076. An executor will not be allowed, however, for work done by agents which he, in contemplation of law, was bound to do himself. If he chooses to employ others to do his work, he must pay them himself. *Kingsland* v. *Scudder,* 36 *N. J. Eq.* 284; *In re Wiley's Estate,* 65 *Atl. Rep.* 212; *Lyon* v. *Bird, supra.* No allowance, therefore, will be made for services rendered to the executor in the keeping and making up of his accounts. His fees must be presumed to cover his trouble and expenditure for so doing. *Wolfe's Case,* 34 *N. J. Eq.* 223.

In *Dey* v. *Codman, supra,* an agent was employed and his commission paid out of the estate but this payment to the agent was taken into account in fixing the amount of the commissions of the executors and the sum paid as compensation to the agent, together with the commissions allowed by the court, did not equal the amount of commissions to which the executors were entitled.

A personal representative is entitled to the advice and assistance of counsel in many of the duties devolving upon him. Accordingly, it is almost universally recognized that

he may employ legal counsel in the administration and settlement of the estate whether there is litigation or not and may take credit for the payment of reasonable counsel fees for the services of such attorneys. *King* v. *Berry,* 3 *N. J. Eq.* 261; *Kingsland* v. *Scudder, supra; In re Babcock's Estate,* 112 *Id.* 374; 164 *Atl. Rep.* 407; 11 *R. C. L.* 233, ¶ 260; 24 *C. J.* 97. Therefore, where the services of an attorney are necessary, the court will allow to the personal representative out of the estate, reasonable compensation for the legal services of value to the estate. 11 *R. C. L.* 234, ¶ 261.

An executor or administrator has no power to bind the estate by his individual contract nor can he impose any liability on its assets through such contracts, notwithstanding such contracts are for the benefit of the estate. *Doolittle* v. *Willett,* 57 *N. J. L.* 398; 31 *Atl. Rep.* 385; 24 *C. J.* 63. The contracts of the executor or administrator cannot be regarded in any sense as contracts of the decedent. The principle is that he may disburse and use the funds of the estate for the purposes authorized by law but may not bind the estate by an executory contract and thus create a liability not founded upon a contract or obligation of the decedent. 11 *R. C. L.* 166, ¶ 177; 24 *C. J.* 63.

The executor or administrator is personally liable on contracts which may be made by him in the course of his administration. This is the rule, although such contracts may have been made for the benefit of the estate. It lies within his power, however, to stipulate against personal liability. 11 *R. C. L.* 166, ¶ 177; 24 *C. J.* 64. It follows that a contract for the employment of counsel is essentially one made by the executor or administrator in his individual and not representative capacity. Attorneys employed by a personal representative to assist him in administering his trust or to prosecute or defend actions for or against him in his official capacity have no claim they can enforce directly against the estate. They are the attorneys of the representative not of the estate. 11 *R. C. L.* 234, ¶ 261. Attorneys so employed must look for compensation to the representative in his individual and not in his representative capacity, and for such services, in

the absence of a special agreement limiting the liability, the fiduciary is personally responsible. 11 *R. C. L.* 235, ¶ 262.

The conclusion reached, therefore, is that neither the estate of the deceased proctor nor the present proctors may succeed in their request for the allowance of counsel fees directly to them out of the estate.

Upon a final accounting in the Orphans Court reasonable counsel fees for necessary and valuable services rendered to the estate in the administration thereof may be allowed to the personal representative, in addition to his commissions, as a necessary and legitimate expense in the management of the estate.

The executor will be allowed the fund now in its hands in payment of the commissions due, and the proctors will look to the executor in its' individual capacity for payment for any services rendered by them to it.