The trustees of the above entitled estate have applied for a partial payment of commissions to be charged against corpus
covering the period of six years during which they have administered the estate. This application is made on an intermediate accounting which shows that the corpus of the estate has increased somewhat during the trusteeship and that thecorpus now amounts to approximately $2,000,000.
The trust estate will terminate upon the death of a life beneficiary who is now sixty-seven years old.
The trustees ask that they be presently allowed a commission on the corpus of $10,000 which would be slightly less than one-half of one per cent. on the value of the corpus. Notice of this application has been served upon all the parties interested and no one appeared in opposition to the granting of the allowance. It is, however, for the court to decide whether an allowance of commissions on the corpus is permissible at this time, and if so, whether it should be made and in what amount.
Under the statute, total commissions on corpus cannot aggregate more than five per cent. at the time of final accounting. *Page 433 
It would obviously be improper to make an allowance which would exhaust or endanger the maximum fees permissible, as in case of a substitution of trustees it would require the succeeding trustees to act without adequate compensation for conservation ofcorpus. In the case of In re Hibbler, 78 N.J. Eq. 217, the late Chancellor Walker, as vice-ordinary, says: "His claim is, that the allowances already made were to him as `executor,' and now he desires an allowance of two per cent. as `trustee' for handling the corpus of the estate since 1898. * * * No more than five per cent. in all may be allowed to a trustee or trustees, either one or several in succession, for the care and management of the corpus of an estate. Mrs. Stryker is now sixty-seven years of age, and her expectancy of life is ten years. Mrs. Otterson is fifty-six years of age, and her expectancy of life is nearly seventeen years, according to the tables of mortality. As Mr. Voorhies has had three per cent. on the corpus of this estate, as much as two per cent. may hereafter be awarded to the trustee who succeeds him, and that trustee, as it appears, may be obliged to manage a portion of the estate for ten years and another portion for over sixteen years, though maybe, for a greater or lesser period of time as to each interest.
"The court should, in my judgment, be in a position hereafter to allow commissions to the trustee on the corpus of the estate not exceeding two per cent., according to the time during which he shall have charge of it, considering also the value of his services.
"This view leads to a denial of the application for further allowance to Mr. Voorhies out of the corpus."
These principles were reaffirmed by Chancellor Walker as vice-ordinary in the case of Lyon v. Bird, 79 N.J. Eq. 157.
In Conover v. Ellis, 49 N.J. Eq. 549, commissions at the rate of five per cent. on corpus had been allowed to an executor, although ultimate distribution of the estate could only be made on the death of a life tenant. Chancellor McGill reversed the allowance and reduced it to two and one-half per cent. instead of five per cent., stating (at p. 551): "It *Page 434 
will not do for the probate court to exhaust itself by paying, in advance, all that it has power to pay, even if the pains, trouble and risk already suffered by the executor should have justly earned that amount. In such case, wisdom dictates that the value of the work to be done in the future shall be estimated, in order that a proportionate share of the whole amount available for commissions may be paid now, and a proportionate share may be held back to remunerate for the future service, or may be withheld if that future service shall not be efficiently and faithfully performed. This view is within the scheme of the state, that payment shall only be made when the matter paid for is finally settled (Pomeroy v. Mills, 10 Stew. Eq. 578), and it is conspicuously fitting in the present exigency."
There seems to be no case directly authorizing the payment of commissions to a trustee out of corpus on an intermediate account; but the power to do so seems to be clearly assumed in the decision of the court of errors and appeals in In re NewJersey Title Guarantee and Trust Co., 76 N.J. Eq. 293. There the court reversed a decree allowing commissions to a trustee upon the corpus of the estate. The court says (at p. 294): "As to the allowance of a commission upon the corpus of the estate, we think that the trustee has administered the trust for so short a time, and has had so little to do with making or changing investments, that no commission on the corpus ought to have been allowed. The cestui que trust is of such an age that it may fairly be expected that the trust will continue for thirty or forty years longer, and if the present commission were allowed to a trustee who has served some seven years only, and has practically done nothing but receive and disburse the income of investments already made, it might result in leaving too small a fund available for the payment of future commissions."
It seems a necessary implication from the above opinion that payment of a small commission to the trustees on intermediate accounting would be proper under proper circumstances.
In the instant case the trustees have been active and diligent *Page 435 
in handling the corpus of the estate and under their administration it has increased in value. In view of the age of the beneficiary it is not to be expected that the trust will continue for the period of thirty or forty years mentioned in theNew Jersey Title Guarantee and Trust Co. Case, but that it will terminate in a much shorter time. This means that the amount of commissions to be allowed for future services will not be for a very large percentage of the entire life of the trust. Therefore, an allowance of less than one-half of one per cent. will not reduce the amount of commissions available for future services beyond a safe point.
The application for the allowance of $10,000 to be paid from the corpus on account of services will be granted.