The defendant trust company filed what is, in effect, an intermediate account. At the hearing it applied for commissions on the corpus and on the income, and for counsel fees.
Evelyn P. Gates, the life tenant of the trust fund of $400,000 created by the tenth paragraph of the last will and *Page 520 
testament of the decedent, Leroy H. Gates, as modified by a codicil thereto, and Charlotte Spencer Zelie, who is entitled to one-fourth of the corpus of the trust upon its termination, opposed the applications for commissions and counsel fees. They take the position that commissions on the corpus cannot now be allowed, and that commissions on the income, if allowed, should be limited to a small percentage. Their stand is also against the allowance of counsel fees.
No objections have been filed to the trustee's account. Complainant, however, directed attention to the fact that certain amounts deducted from income for amortization of premiums paid on bonds bought above par, aggregating $1,413.46, should be shown as increasing the corpus to that extent. I believe the account should show that fact, and that the corpus should be increased by the addition of that $1,413.46.
The trustee's first intermediate account brought the accounting down to February 15th, 1934. The account now before the court brings the estate's transactions to December 14th, 1937. The trust appears to have been administered for a period approximating eight years. Incidentally, it may be stated, the trust company waived its commissions as executor.
The maximum commissions allowed on corpus are five per cent.Rev. Stat. 3:11-2. They are awarded with reference to the actual pains, trouble and risk in performing duties rather than in respect to the quantum of the estate. Rev. Stat. 3:11-1.
Commissions on interest and income arising from a trust estate are in the discretion of the court, all things considered; but they may not exceed five per cent. of such interest and income.Rev. Stat. 3:11-3. While the statute, as hereinabove announced, says that the amount thereof shall depend upon the actual pains, trouble and risk of the trustee, the courts also take into consideration the efficiency and faithfulness which characterize the services performed. Where those essentials are wanting, commissions may be disallowed. Conover v. Ellis, 49 N.J. Eq. 549. *Page 521 
The complainant argued that the trust company did not perform its duties properly and efficiently; in consequence of which, and in order to protect her interest in the estate, she was compelled to institute litigation in this court. That litigation resulted in a decree in her favor. See Gates v. Plainfield Trust Co.,121 N.J. Eq. 460; affirmed, 122 N.J. Eq. 366.
The point raised by the complainant that the court is without power to award commissions on the corpus at this time is without force. I am convinced it has such power. Vice-Chancellor Lewis in In re McMillin, 120 N.J. Eq. 432, upholds the power of the court to make such allowances. The vice-chancellor, interalia, said:
"There seems to be no case directly authorizing the payment of commissions to a trustee out of corpus on an intermediate account; but the power to do so seems to be clearly assumed in the decision of the court of errors and appeals in In re NewJersey Title Guarantee and Trust Co., 76 N.J. Eq. 293. * * *
"It seems a necessary implication from the above opinion that payment of a small commission to the trustees on intermediate accounting would be proper under proper circumstances. * * *
"The application for the allowance of $10,000 to be paid from the corpus on account of services will be granted."
The testator died on January 2d 1930. His will was probated January 13th, 1930. One-half of the trust was set up on May 31st, 1930; on December 31st, 1930, a further $100,000 was set up in the trust; on May 18th, 1931, a further $25,000 was set up in the trust; on July 30th, 1932, a further $75,000 was set up in the trust; the life tenant was paid the income on one-half of the trust from May 31st, 1930, six months after the death of the testator, and the income on the $100,000 set up December 31st, 1930, one year after the death of the testator, and income at the rate of four and three-quarters per cent. (which, it was contended, was higher than the average yield on good legal investments), from a date one year after the death of the testator until the balance *Page 522 
of the trust was set up, and thereafter the income on the full trust. This court held that the widow was entitled to the income on the $400,000 trust fund from the date of the death of the testator, so that to all intents and purposes the trust is considered as having been set up as of the date of the death of the testator. Gates v. Plainfield Trust Co., supra.
The decree in the last cited case, among other things, directed (1) that the trustee was bound to take out of the trust, participation certificates of the title company which it had taken into the trust at the amount which had been paid for such certificates, to wit, $158,700; that it was responsible for income on the amount represented by those certificates at the rate of four and a half per cent. per annum from the dates stated in the decree, but that, if any greater income had at any time been received from said investments, then "for such period the interest is to be considered as at the rate actually paid;" (2) that the life tenant was entitled to income from the date of the testator's death and the Plainfield Trust Company was directed to pay that income at the rate of four and a half per cent. per annum; (3) that the life tenant was entitled to be reimbursed out of the corpus for the sum of $8,887.54 paid by her as an inheritance tax. The life beneficiary and those interested in thecorpus of the trust were allowed costs and counsel fees to be paid by the trustee.
I am satisfied that the conduct of the defendant trust company, as trustee, or executor, has never been distinguished by bad faith. I do not recall that there was any such intimation in the proceedings before me. In fact, it has been represented that the trust company's attitude in the estate's affairs was pursuant to the advice of counsel. Therefore, it is fair to assume that its error in the management of the decedent's estate, was, largely, one of law and not that of mala fides. The estate suffered no loss. The trustee was held to a strict accountability for its administration. It was required to restore to the corpus of the estate the moneys which had been invested in participation certificates; and, also, it was obliged to make good to the life tenant income from the date of the death of the testator at the rate of four and one-half per *Page 523 
cent., as above stated. Its responsibility is not — and has not been — slight. The estate is large and it has required considerable attention. The accountant should receive an allowance commensurate with the activities and results of its stewardship. The instant situation is not unlike that which appears in the case of Babbitt v. Fidelity Trust Co., 72 N.J. Eq. 745,
wherein Vice-Chancellor Garrison said:
"I see no reason for treating this trustee in any other than the normal way in fixing its compensation.
"The discretion of this court in this class of cases as to the amount to be allowed is unfettered by statute, and the compensation should be based on the nature and amount of the service rendered and the risk incurred by the trustee. VanHouten v. Van Houten, 45 N.J. Eq. (18 Stew.) 796 (Courtof Errors and Appeals, 1889).
"Holding this trustee, as I do, to a strict accountability, I think that its allowance should be commensurate with such responsibility. If the contention of the trustee was found to be sound, and it was only chargeable for negligence, and would be held to have done its duty if it merely retained the securities and collected the income, then I think a small allowance would compensate it fully for its responsibility. (I am only speaking of an allowance upon principal, because, under the terms of the declaration of trust it was to receive five per cent. upon the income, and it has already, under such clause, taken its commissions on income.) But I think that where a trustee has a very large estate, such as this one was, of a most varied character, handed over to it, and is required by the rule, applied to it by the court, to exercise due diligence in the calling in of all unauthorized investments and the duty of investing in authorized securities, it should be paid a proper sum to compensate it for this labor and the responsibility and risk involved."
See, also, Meachem v. Sternes, 9 Paige (N.Y.) 398;110 A.L.R. 578 (note). I feel that the accounting trustee is entitled to an allowance of one per cent. of the corpus, and, also, five per cent. of the income. *Page 524 
I believe that the counsel fee of $2,500 asked for by counsel for the defendant trust company is not unreasonable. Counsel for the complainant will be allowed a counsel fee of $500; and counsel for Mrs. Zelie will be allowed the sum of $150. Counsel for the other three remaindermen will be allowed the sum of $150.