WARREN COUNTY ORPHANS COURT.

IN THE MATTER OF THE ACCOUNT OF THE TRUSTEE OF
FREDERICK DAVID HOFF.

IN THE MATTER OF THE ACCOUNT OF THE TRUSTEE OF
JOHN NORWOOD HOFF.

IN THE MATTER OF THE ACCOUNT OF THE TRUSTEE OF
MADGE HOFF.

Decided September 8, 1938.

For the petitioner, *Samuel C. Meyerson.*

ROSECRANS, C. P. J.   Petitions for allowance of inter-
mediate accounts were filed by the Hackettstown National
Bank as trustee in each of three cases, all of which arose
out of one original estate.   They will be considered together
for the purpose of present disposition.   These are the third
intermediate accounts since the year 1934, it having been
the practice of the trustee to make an accounting every two
years.   The trusts involve in the aggregate about $50,000
and will continue to run for some years—the first for about
thirteen years.   The accounts indicate that the trustee simply
receives the income of the funds and makes a few disburse-

ments during each year.  On the allowances of each previous intermediate account, commissions on *corpus* of one per cent. and upon income of five per cent. were decreed besides counsel fees and costs.  The present application is for allowance of these third accounts with additional commissions of one per cent. on *corpus* and five per cent. on income, together with counsel fees and costs.  Counsel for the petitioner indicates that it is the intention of the trustee to account each two years in the future and upon each recurring period to pray for allowance of commissions on *corpus* as well as on income.

The applicable statute provides that a guardian or trustee shall account *"once in three years, and oftener if required."* *Rev. Stat.* 3:10-6.  Petitioner has suggested no reason why accountings in these estates are *oftener required* than upon conclusion of the usual three-year period; the records disclose no urgency for more frequent accountings and no interested party has intervened to demand them.  It may well be that in accountings which:  (1) are complicated;  (2) involve a change of beneficiary;  (3) involve a change of trustee;  (4) involve some material investment changes;  or (5) present some other compelling reasons, that more frequent accountings may be desirable.  In the absence of some such circumstance the statute should be considered as establishing the three-year period as a legislative declaration of intent and expressing a rule for judicial guidance.

It is true that the provision of an act requiring the first accounting within a prescribed time has been held to be merely directory, but consideration was only given to the non-compliance of a fiduciary to account *within* the required time.  *Heath* v. *Maddock,* 81 *N. J. Eq.* 469; 86 *Atl. Rep.* 945.  1 *Waltzinger N. J. Probate Practice* 4.  The converse of that proposition now under consideration presents a question of novel impression.

It is also true that no one appeared in opposition to these applications.  However, the statute provides:  "The court wherein the account * * * is reported shall *examine the account* * * * and, if the same is found to be correct * * * decree an allowance * * *." *Rev. Stat.* 3:10-15.

Unless it be affirmatively shown that three years have elapsed since the last accounting or that there is some substantial reason for requiring one oftener, the intermediate accounts of fiduciaries should not be allowed. Any other rule would place in the discretion of the fiduciary the right to file accounts as often as desired. Accountings are not to be discouraged, but they should be kept within the bounds of necessity. It is incumbent upon the court to exercise vigilance and to prevent the imposition of unnecessary expense and undue burdens in the administration of estates.

Obviously it would be improper at this time to allow further commissions upon *corpus* in these estates as it would endanger the availability of a sufficient portion for trustee's future services since under the statute total commissions on *corpus* cannot aggregate more than five per cent. *In re McMillin,* 120 *N. J. Eq.* 432; 185 *Atl. Rep.* 913.

The applications for commissions on income and for allowance of counsel fees and costs out of assets must presently fail.

The petitions in each of the cases will be denied—the accounts being prematurely filed—but without prejudice to the renewal of the applications at such time as the statute provides.

(Italics supplied.)