Angelo C. Bertolino and the Chase National Bank of New York present for settlement their fourth intermediate account as trustees under the will of Charles Barsotti, deceased, late of Bergen county. The account which shows assets of $1,000,000, is uncontroverted, but there is opposition to the application of the trustees for commissions on corpus and to the amount of fees sought by their counsel. *Page 364 
Testator died in 1927, and the trust assets were delivered to the accountants the next year. Since then, they have been allowed commissions on corpus aggregating three per cent. On the present accounting, they at first asked an additional three per cent., but when that was resisted, they reduced their application to one per cent.
Our statute provides that where corpus exceeds $50,000, the trustees' "commissions on corpus shall not exceed five percentum on all corpus which comes into their hands." R.S.3:11-2. The accountants argue that this statute does not materially affect the situation because under the Barsotti will there was first a trust for testator's son which ended with the son's death, and thereupon other trusts sprang up for the benefit of testator's grandchildren; that the commissions already received by the accountants were earned in the administration of the first trust which terminated November 11th, 1936, and that the trustees may be allowed in connection with the subsequent trusts as much as five per cent. and still be within the statutory limit.
By his will, Mr. Barsotti devised and bequeathed the residue of his estate to his trustees to divide into two equal shares, one for his daughter, the other for his son, and to "hold each share so set apart for the benefit of my children upon a separate trust during his or her natural life * * *, and upon the death of the child in trust for whom such trust estate shall be so held, to divide the capital of such trust estate with all gains and increase in capital thereof, if any, into such number of equal shares as shall be equal to the number of children of my said child in trust for whom such trust estate shall have been held as aforesaid, who may survive my said child, and I give, devise and bequeath the same to my executors, as trustees, to have and to hold each share so set apart for the benefit of such grandchild of mine upon a separate trust for the benefit of such grandchild for whose benefit the same shall have been set apart, * * * and after paying all lawful expenses and charges, to apply the net income from said trust estate arising from time to time as received, for the maintenance, education and support of such grandchild in trust for whom such trust estate shall be held as *Page 365 
aforesaid, for so long during his or her life as he or she remains under the age of twenty-one years, and upon the arrival at the age of twenty-one years of the grandchild in trust for whom such trust estate shall be held, to convey, transfer, deliver and pay over the capital of such trust estate, with all gains and increase of capital thereof, if any, in fee-simple and absolutely to such grandchild."
The half of the residue with which we are concerned is that which was set apart for testator's son, Charles, Jr., who died in 1936, leaving three infant children.
Professor Bogert says of the matter under consideration:
"If T is made trustee by S for several successive cestuis, he should be allowed one commission on each item of income received and disbursed and a single commission on the capital, even though the corpus may be originally held in its entirety for C, then divided into four parts, and each part be held separately for a different cestui, and ultimately the whole principal be paid to remaindermen cestuis. There is only one receiving and one paying out of the capital. The bookkeeping shifts during the course of the trust cannot properly be called acts of `paying and receiving.' There is a single trust for successive cestuis." 4Bogert Trusts 2872.
To the same effect are Leask v. Beach, 160 N.Y.S. 147; In reWild (N.Y.), 183 N.E. Rep. 200; 85 A.L.R. 160, and In reWilliams, 15 N.Y.S. 2d 436.
The statute limits to five per cent. the commissions oncorpus which may be allowed the accountants for their services from 1928 until the final distribution which will be made when all the grandchildren shall reach the age of twenty-one years.
As the accountants have already been paid only three per cent., it will be permissible for the court to allow them an additional two per cent. for services running to the end of the trust. But in my opinion, no commission on corpus should be allowed at the present time. The infant cestuis will come of age in 1944, 1946 and 1951, respectively, so that the average duration of the trust, counting from 1928, will be nineteen years, of which twelve have already run and seven are still to come. The three per cent. already paid approximately equals the corpus
commissions which have *Page 366 
accrued, if as much as a total of five per cent. shall eventually be allowed — a very doubtful supposition. No commission will now be allowed. In re McMillin, 120 N.J. Eq. 432; In re New JerseyTitle Guarantee and Trust Co., 76 N.J. Eq. 293.
The accountants ask that their counsel be allowed a fee for services during the period of three years covered by the account and for obtaining the court's approval of the account. The greater part of the legal services were rendered by New York counsel, although no litigation in New York occurred and no problems to be solved by the law of New York arose.
Our legislature, by a statute which became effective July 1st, 1939, forbade the allowance of a counsel fee "in any cause, matter, or proceeding in any court in this state except for, or on account of, actual services rendered by a member of the bar of this state engaged in the practice of law and maintaining an office in this state," except in a proceeding "requiring the services" of an attorney of a foreign jurisdiction. P.L. 1939 p.471; R.S. 2:20-9.
Although there was no definite rule on the subject before the enactment of the statute, our courts frowned upon the employment of foreign counsel. Most questions arising in the course of the administration of a trust created by the will of a New Jersey resident are governed by the law of New Jersey. In such matters, a trustee should seek advice from a New Jersey lawyer rather than from a lawyer of another jurisdiction, for the latter is not supposed to be peculiarly expert in our law.
The act of 1939 clearly applies to a proceeding for the settlement of the accounts of a trustee and, in my opinion, governs the allowance of a fee for services of counsel, whether rendered in the proceeding itself or in advising the trustee during the period covered by the account. The services of counsel of a foreign jurisdiction are not required in the absence of special circumstances, such as litigation in the foreign forum or questions which are governed by the law of that jurisdiction. The statute, however, should not be taken to prohibit compensation for services of a New York lawyer performed before the act took effect. Legislation is not given a retrospective operation unless the language thereof *Page 367 
admits of no other construction. Williamson v. New JerseySouthern Railroad Co., 29 N.J. Eq. 311, 333.
For services performed prior to July 1st, 1939, whether by New York or New Jersey counsel, $1,000 is a reasonable fee and will be allowed. For services of New York counsel after that date, no compensation can be paid out of the estate. The services of New Jersey counsel since July 1st, 1939, consisted of telephone conversations, one all-day conference in New York, and the handling of the accounting proceeding in this court. The last item included three long sessions with the master who was charged by the court with auditing the account, briefing and arguing the matters discussed in this opinion; three routine appearances in court and the preparation of the usual papers. A fair fee for services since July 1st, 1939, considering the size of the estate, is $1,500. I am advising a decree in accordance with these views.