21 N.J. Super. 287 (1952)
91 A.2d 126
IN THE MATTER OF THE ESTATE OF MARK T. COX, DECEASED.
Superior Court of New Jersey, Chancery Division.
Decided August 21, 1952.
*288 Mr. Catesby L. Jones for the accountant.
Mr. James I. Bowers, guardian ad litem.
BIGELOW, J.A.D.
Colonel Cox, as trustee, asks corpus commissions of $93,536.81, which is 5% of the market value of the assets estimated when the account was drawn, namely, $1,870,736. Upon the argument, I was impressed with the thought that, due to the skillful handling of the estate by the trustees, it had increased tremendously in value. But on studying the account, which covers a period from December 10, 1940, to October 22, 1951, it appears that there were no important changes in the investments during the period. However, at the beginning of the period, the trustees held common stock of Allis Chalmers Manufacturing Company and New Jersey Zinc Company of an inventory value of $228,702, and at the end of the accounting period, the present trustee held the same stock with a market value of $1,408,710. The difference between the two figures seems to account for the increase in the estate. While it is an element in fixing commissions, it is not especially persuasive for the allowance of unusually large commissions.
By L. 1949, c. 225, it was enacted that where "The administration of the fiduciary or fiduciaries has extended or extends beyond a period of twenty-five years, corpus commissions for such additional years may be allowed at the rate not exceeding one-fifth of one per centum (1/5 of 1%) per annum, irrespective of the number of fiduciaries." Testator died March 23, 1909. Assume that the trusts were set up that day, then the 25-year period expired March 23, 1934. The present account closes 17 years and seven months later, October 22, 1951. An allowance for that period at one-fifth of one per cent a year, would be about 3 1/2%. Assume that the trust will continue five years longer, and add 1% for those years and the 5% permissible in all cases, and we reach a maximum of 9 1/2%. But it is likely that upon the final settlement, commissions aggregating no more than one-half *289 the maximum, or 5%, will be allowed. Cf. In re Ryan, 138 N.J. Eq. 527 (E. & A. 1946). Also, the court should reserve a considerable "percentage" in order to compensate for the later years of the trust and for its final winding up. Barsotti v. Bertolino, 128 N.J. Eq. 363 (Ch. 1940).
A commission calculated at 3 1/2% will be now allowed.